Joynes, L,
delivered the opinion of the court.
Though the bill in this case prays an injunction to restrain the sale of the property of the Midlothian Company then about to be made, it also prays that the deed of trust under which the sale was to be made, may be set aside for usury and fraud. The prayer for the injunction was merely ancillary to the other and principal relief prayed for, its object was only to hold .and preserve the property until the title to it could be litigated and decided. Our opinion is, that section 4, eh. 179, of the Code, does not apply to a case like this; but applies only to what may be called a pure bill of injunction: that is to say, to a bill which has no other •object than an injunction. It is hardly necessary to add, that if it should appear in any case that the prayer for other relief beyond the injunction is merely colorable, and thrown in to give jurisdiction, it will not be allowed to take the case out of the provision of section 4, ch. 179, of the Code.
The Circuit court of Bichmond, therefore, had jurisdiction of the case, and its order dissolving the injunction and dismissing the bill must be reversed.
*691 The decree was as follows:
The court is of opinion, for reasons stated in writing and filed with the record, that though the bill in this case prays an injunction, it also prays other relief, to which the prayer for an injunction is ancillary; and that the orders of the said Circuit court of Richmond, ■dissolving the injunction and dismissing the bill are erroneous. Therefore it is decreed and ordered that the said orders of the Circuit court of Richmond, dissolving the injunction and dismissing the bill, be reversed and annulled, and that the appellees pay to the appellants their costs by them expended in the prosecution of this appeal; and the cause is remanded to the Chancery court of Richmond for further proceedings, &c.
Decree Reversed.